UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard A. Cotterman,

    Plaintiff,

v.

Internal Revenue Service and
Margaret Perez,

    Defendants.

Civil No. 10-mc-22 (JNE/FLN)

**REPORT AND RECOMMENDATION**

---

Richard A. Cotterman, *pro se*, for Plaintiff.
Daniel A. Applegate for Defendant.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on June 25, 2010 on Defendants' Motion to Dismiss Petition to Quash for Lack of Jurisdiction [#3]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Defendants' Motion to Dismiss Petition to Quash for Lack of Jurisdiction [#3] be **GRANTED**.

## I. BACKGROUND

Internal Revenue Service Agent Margaret Perez issued an IRS summons to Richard A. Cotterman on March 30, 2010. (Pet. Ex. 1.) The summons directed Cotterman to appear for an examination at the IRS office in Bloomington, Minnesota on April 27, 2010 at 11 a.m. *Id.* The main purpose of the examination was for Cotterman to produce QuickBooks data for his business from the tax years 2007 and 2008. *Id.* Cotterman filed a petition to quash the summons on April 20, 2010, stating that this production would be duplicative and overbroad. (Pet. at 3-4.)

## II.  DISCUSSION

The Internal Revenue Code does not provide taxpayers with an avenue to quash an IRS summons personally issued to a taxpayer under IRS investigation.  *See* I.R.C. § 7604 n. 24; *compare* I.R.C. § 7609(b)(2).   A taxpayer who is personally issued a summons may wholly refuse to comply with the summons or may appear at the assigned date and time to challenge the summons before the IRS hearing officer.  *Id.*; *see also United States v. Ritchie*, 15 F.3d 592, 597 (6th Cir. 1994) ("If the summons is issued to the taxpayer whose potential tax liability is being investigated, that taxpayer may challenge the summons before the IRS hearing officer.)  *Id.* However, the taxpayer who is personally issued a summons may not preemptively file a motion or a petition to quash the summons.  *Id.*   It appears that the proper procedure for a taxpayer who receives an IRS summons but does not wish to comply is simply to wait for the IRS to bring an enforcement proceeding in district court.[1]   *Ritchie*, 15 F.3d at 597 ("...taxpayer...may, if the IRS seeks enforcement of the summons in the district court, challenge the summons in district

---

[1] This procedure stands in contrast to the procedure set forth under I.R.C. § 7609(b)(2) for IRS summons to third parties who are not the taxpayer under investigation.  Internal Revenue Code § 7609 specifically provides for a proceeding allowing third-parties to quash third-party IRS summons.  I.R.C. § 7609(b)(2).  In contrast, Section 7602, which relates to summons personally issued to taxpayers under IRS investigation, does not provide for such a proceeding. *See generally*,  I.R.C. § 7602.  As Cotterman cites to § 7609 in his petition, it appears that he may have mistakenly believed that § 7609 applied in his situation. However, as he is not a third party, the provisions of § 7609 do not apply and he does not have a right to bring a petition under § 7609 to quash the summons.

court."). At that time, and apparently only at that time, the taxpayer may challenge the summons by resisting the enforcement proceeding.[2] *See* I.R.C. § 7604 n. 24.

In light of the foregoing, the Court concludes that Cotterman's petition to quash the summons is premature, as the summons was personally issued to Cotterman as the taxpayer under investigation. (Pet. Ex. 1.) If the IRS chooses to enforce the summons, Cotterman may challenge the summons by resisting the enforcement proceeding. At this time, however, Cotterman does not have standing to resist the summons in federal court. The United States has not expressly waived sovereign immunity with respect to petitions to quash IRS summons personally issued to a taxpayer under investigation, and the Court must therefore dismiss the petition for lack of jurisdiction.[3] *See Kaffenberger v. United States*, 314 F.3d 944, 950 (8th Cir. 2003)(district court lacks jurisdiction to hear case against the United States unless Congress expressly waives sovereign immunity).

### III. RECOMMENDATION

---

[2] The court in *Rodio v. C.I.R*, 138 F.R.D. 341 (D.R.I. 1991) explained: "The authority of the Commissioner to issue summonses under 26 U.S.C. Section 7602 can be challenged by a person served with a summons if the proper procedures are followed. The Supreme Court has held that a person served with an IRS summons has a right to challenge the summons. Any challenge, however, must be made before an IRS hearing officer. A person making such a challenge may not by-pass the hearing officer stage and proceed to district court seeking a declaratory judgment. Once the summons has been challenged, the IRS must institute an action in a district court to enforce the summons. If no enforcement action is brought, then the hearing officer cannot compel compliance with the summons since authority to compel compliance rests solely with a district court." 138 F.R.D. at 344 (citations omitted); *see also Reisman v. Caplin*, 375 U.S. 440, 450 (1964).

[3] The Court agrees with Defendants' contention that the proper party to be named as Defendant in this action is the United States, not the Internal Revenue Service or Agent Perez. *See Blackmar v. Guerre*, 342 U.S. 512, 514-15 (1952); *see also DeLeeuw v. I.R.S.*, 681 F. Supp. 402, 403-04 (E.D. Mich. 1987).

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Defendant's Motion to Dismiss Petition to Quash for Lack of Jurisdiction [#3] be **GRANTED**.

DATED: June 29, 2010                              *s/ Franklin L. Noel*
                                                  FRANKLIN L. NOEL
                                                  United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 13, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **July 13, 2010,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.